IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Laird T. Milburn

Civil Action No. 09-cv-00916-JLK-LTM

MOUNTAIN PORT, LLC, a Colorado limited liability company,

      Plaintiff/Counterclaim Defendant,

v.

BRIAN DALEY and
MARIA CHEDID, individuals,

      Defendants/Counter Claimants.

─────────────────────────────────────────────────────────────

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**
─────────────────────────────────────────────────────────────

This matter came before me on August 18, 2009 by Order of Reference from District Judge John L. Kane.

The Plaintiff Mountain Port, LLC, through counsel Hensley, Kim and Holzer, LLC has moved to remand this case to State Court.  Defendants and conterclaim claimants Brian Daley and Maria Chedid, through counsel Carver, Schwarz, McNab and Bailey, LLC object.

For the reasons set forth below, I recommend that Plaintiff's Motion to Remand dated May 26, 2009 (docket # 10) be GRANTED.

## I.  PROCEDURAL HISTORY

On March 19, 2009 Plaintiff Mountain Port filed its claims for breach of contract and declaratory relief against Brian Daley and Maria Chedid in the District Court for La Plata County, State of Colorado, pursuant to C.R.C.P. 57 and C.R.S. § 13-51-101, (The *Uniform Declaratory*

*Judgments Act)*, concerning a December 18, 2005 contract for the purchase and sale of real property (The Contract) located in Durango, Colorado.

Defendants Brian Daley and Maria Chedid, through counsel, filed their answer and counterclaim against Plaintiff also requesting relief for breach of contract and declaratory relief regarding the same December 18, 2005 contract concerning the Durango property.  On that same date, Defendants filed a Notice of Removal from La Plata County District Court, Case No. 2009CV117 (document #1) pursuant to the provisions of 28 U.S.C. §§ 1441 and through 1446 (*Diversity of Citizenship*).

On May 13, 2009 Plaintiff filed their answer in reply to Defendants' Counterclaim and on May 26, 2009 their Motion to Remand the case to State Court.  Plaintiff's response to the Motion to Remand was filed on July 06, 2009 and Defendants' reply thereto was filed on July 13, 2009.

In the meantime, Magistrate West entered an Order of Recusal dated July 06, 2009 and on that same date the case was reassigned to Magistrate Michael E. Hegarty for further proceedings, which was subsequently vacated by Judge John L. Kane who referred the case to Magistrate Judge Laird T. Milburn on July 10, 2009.

On August 4, 2009, pursuant to a motion filed by Defendants to file First Amended Counterclaims and a Third Party Claim against Durango Mountain Realty, LLC, and the Court's Order approving same dated on July 29, 2009, Defendants filed their amended counterclaims and third party claim against Durango Mountain Realty, LLC.  Durango Mountain Realty, LLC, filed its answer on August 24, 2009.

## II.  BACKGROUND

A review of Plaintiff's and Defendants' Stipulated Scheduling and Discovery Order, dated June 8, 2009, indicated that Plaintiff's/Counterclaim Defendants seek $40,000.00 in economic damages for the amount of an earnest money payment due under the contact "plus all actual and consequential damages caused by Defendants."  Defendants' Daley and Chedid /Counter Claimants seek to recover a partial retained earnest money payment of $10,000.00, other payments made in the amount of $3,598.00, and "the difference in the contract price and the value of the property at the time construction on this would have been completed"; an amount for which no substantive evidence is offered except for an allegation in Defendants' Counterclaim that a current listing price for a similar property establishes the current value of the property involved in this case.  There does appear to be complete diversity of citizenship between Plaintiff, a Colorado Limited Liability Company, and Defendants who are residence of California.

Plaintiff's Motion to Remand to state court states that (I) Plaintiff does not claim damages in excess of $75,000.00, (ii) argues that the value of Defendants' counter claims cannot be aggregated with Plaintiff's damages for jurisdictional purposes, and (iii) that the value of Defendants' counter claims, standing alone, do not reach the required jurisdictional limit in diversity cases in the amount of $75,000.00.  Defendants' response argues that (I) that the aggregate of the damages claimed by Plaintiff and Defendant can and should be considered by the Court; and, (ii) that its counter claim damages against the Plaintiffs amount to or exceed $100,000.

### III.  STANDARD OF REVIEW

A State Court action may be removed to Federal Court if the action is subject to the federal Court's original jurisdiction. *Rivet v. Regilns Bank*, 522 U.S. 470, 118 S.Ct. 921, 129 L.Ed. 2nd 912 (1998) (citing 28 U.S.C. § 1441(a).  Furthermore, the Federal Courts must bear in mind that the Courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies of citizens of different states, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir.1998), and that the presumption is therefore "against removal jurisdiction,*" Laughlin v. K-mart Corp.*, 50 F.3rd 871, 873 (10th Cir. 1995).  Thus, facing a motion for remand that challenges the amount in controversy, "the Defendant is required to prove the jurisdiction facts by a preponderance of the evidence that the amount in controversy may exceed $75,000.00."  *McPhail v. Deere and Company*, 529 F.3d  947, 953 (10th Cir. 2008).  Therefore, since the presumption is against removal of jurisdiction, *Lawton* at p 873, removal statutes are construed narrowly (and) . . . where Plaintiff and Defendant clash about jurisdiction uncertainties are resolved in favor of remand.", *Martin* at p 1290.  Whereas, when a case is originally brought in Federal Court, the Plaintiff's claimed amount is presumed to support the diversity jurisdiction, *St. Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the same is not true when the case has been removed from state court because Defendants' right to remove and Plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a Plaintiff has filed suit in federal court to state a claim, that on its face satisfies the jurisdictional amount, removal statutes are construed narrowly; and where Plaintiff and Defendant clash about jurisdiction, uncertainties are resolved in favor of a remand, *Burns v. Windsor Insurance Co.*, 31 F.3rd 1092, 1095 (11th Cir. 1994).

The 10th Circuit has held, *(in dicta)* that damages sought by a Defendant in a mandatory counterclaim could be combined in aggregate with the damages sought by Plaintiff to provide a sufficient independent basis for federal jurisdiction, *Geoffrey E. MacPhearson, Ltd. V. Brinecell, Inc.*, 98 F.3d 1241 (10th Cir. 1996), relying upon *Ronzio v. Denver & R.G.W.R. Co.*, (10th Cir. 1940) holding that in determining the amount in controversy for the purpose of determining diversity jurisdiction, the Court may look to the object sought to be accomplished by the complaint, and that the test for determining the "amount in controversy" is the pecuniary result to either party which the judgment would directly produce.  However, in a case arising out of the United States District Court for the District of Kansas, interpreting the language found in *MacPhearson*, supra, (indicating that a court in an original jurisdiction action may consider the value of a compulsory counterclaim to establish the requisite amount in controversy) stated that such consideration is appropriate only because neither party to an original jurisdiction action is disadvantaged, but that the same rational does not apply to removal jurisdiction because the Plaintiff would be disadvantaged, by considering the value of a counterclaim, because the Plaintiff choose the state court forum, and therefore the Court should not consider the value of a counterclaim in assessing the amount in controversy in a removal jurisdiction context, *Leader Mortgage Company v. Earel*, 1998 WL 781225 (D.Kan.).

## IV.  ANALYSIS

A review of the pleadings filed by Plaintiff/Counterclaim Defendant (Mountain Port) and Defendants/Counter Claimants (Brian Daley and Maria Chedid), demonstrates they are engaged in a suit over the meaning and terms of the contract to purchase real property located in Durango, Colorado.  The essence of the dispute is Mountain Port's claim that Daley and Chedid refused to close, pursuant to the terms of the contract, thereby causing Mountain Home an unspecified amount of damages.  However, the civil cover sheet filed with their complaint in the La Plata

County District Court in Durango, Colorado states that they are not seeking damages in excess of $75,000.00.

In their answer and counterclaim Daley and Chedid assert that Mountain Port breached the contract by its failure to complete construction of the property in a timely fashion, deviated from the plans and specifications regarding the construction of the property, thereby depriving them of the benefit of their bargain.  They claim damages in excess of $100,000 because of a purported increase of the value of the property that has occurred subsequent to the execution of the contract.  Both Parties also seek declaratory relief as to their obligations and rights under the terms of the contract.

## V.  CONCLUSION

For the following reasons, I respectfully **recommend** that the Plaintiff's Motion to Remand the case to La Plata County District Court in this action be **GRANTED**.

First, it appears that Plaintiff is correct that in the 10th Circuit a defendant is not permitted, disallows in the situation in a case where Plaintiff has chosen a state court for jurisdictional purposes to aggregate value of Defendants' counterclaim and Plaintiff's claim for damages, to establish a diversity jurisdiction.  Second, Daley and Chedid have failed to meet their burden of proof by a preponderance of the evidence that the amount of their counterclaim, standing alone, may reach or exceed $75,000.00.

**Therefore, it is ORDERED** that within ten (10) days after being served with a copy of the Proposed Findings and Recommendation, a party may serve and file written objections to the Proposed Findings and Recommendation with the Clerk of the United States District Court for the District of Colorado.  The District Court Judge shall make a *de novo* determination of those portions of the proposed findings or specified recommendation to which objection is made.  The

District Court Judge may accept, reject, or modify, in whole or in part, the Proposed Findings and Recommendations made by the Magistrate Judge.  The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

Failure to make timely objections to the Magistrate Judge's recommendation may result in a waiver of the right to appeal from a judgment of the District Court based on the findings and recommendations of the Magistrate Judge.

Dated this 03rd day of September, 2009.

BY THE COURT:

s/ Laird T. Milburn

_____
Laird T. Milburn
United States Magistrate Judge