IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **09-cv-00916-JLK-LTM**

**MOUNTAIN PORT, LLC, a Colorado limited liability company,**

    Plaintiff /Counterclaim Defendant,

v.

**BRIAN DALEY and
MARIA CHEDID, individuals**

    Defendants/Counter Claimants.

---

**ORDER**

---

Kane, J.

    This case arises out of a disputed 2005 contract for the purchase of real estate executed by Mountain Port's predecessor in interest and Defendants, who are California residents. Defendants refused to close on the property, a newly constructed townhome in Durango, claiming Mountain Port had made substantial changes to the home's configuration contrary to the terms of their agreement. Mountain Port attempted to return Defendants' earnest money, with interest, in exchange for Defendants' agreement to walk away from the project, but Defendants refused.

    After efforts to enforce the contract's arbitration provision failed, Mountain Port filed suit in La Plata county, claiming Defendants had breached the Contract by failing to close, and seeking a declaration releasing them of any further obligation to Defendants under the Contract. Defendants filed a counterclaim against Mountain Port for breach of contract, asserting Mountain Port's refusal to bring the home into conformance with the Contract plans deprived them of a home "with a value of over $100,000 more than they would have paid for it." On the basis of this counterclaim, Defendants removed the case to federal court under 28 U.S.C. § 1332(a), asserting

diversity of citizenship and an amount in controversy exceeding $75,000.

As is my practice in cases involving real property on the western slope, I referred the case to one of our two magistrate judges who live and work there. When Mountain Port moved to remand the case to La Plata County, Magistrate Judge Milburn considered the Motion pursuant to the Order of Referral and issued a Report and Recommendation in accordance with Rule 72(b) Fed. R. Civ. P. Agreeing with Mountain Port, the magistrate judge recommended the case be remanded and Defendants objected.

The matter is now before me for *de novo* review under Rule 72(b)(3), whereupon I may accept, reject, or modify the recommended disposition, receive further evidence or return the matter to the magistrate judge with instructions. I ACCEPT the Magistrate Judge's recommended disposition, but modify his analysis as follows.

## DISCUSSION.

The essence of the jurisdictional dispute is whether, under circumstances where a plaintiff's complaint is insufficient to establish the $75,000 amount in controversy, federal jurisdiction may nevertheless be triggered by aggregating with plaintiff's claim the value of a defendant's compulsory counterclaim. The Magistrate Judge determined Tenth Circuit law answered this question definitively in the negative, and held a defendant is "not permitted . . in the situation . . . where [p]laintiff has chosen a state court for jurisdictional purposes, to aggregate [the] value of [d]efendant's counterclaim and [p]laintiff's claim for damages, to establish . . . diversity jurisdiction." Recommendation (Doc. 42) at 6. I do not find the law so clear cut, but agree that under the circumstances presented, Defendants have failed to establish the requisite $75,000 amount in

controversy and therefore are not entitled to removal.  I GRANT the Motion for Remand, and *strongly* encourage the parties to resolve this dispute without the further accrual of attorney fees and costs.

To be removable, a civil action must satisfy the requirements for federal jurisdiction.  28 U.S.C. § 1441(a).  Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332.  In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)).  "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand.  *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied.  *Franklin*, 251 F.3d at 1290.  When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence.  *Id.*

Whether a defendant may establish this jurisdictional amount in a removal action through its own compulsory counterclaim when plaintiff's claim is insufficient is unsettled in this jurisdiction and most others.  *See* 14AA C. Wright, A. Miller & E. Cooper, *Federal Practice and*

*Procedure* § 3706 at 226-29 (2009).  Defendants' contrary assertion notwithstanding, the Tenth Circuit's decision in *Geoffrey E. MacPherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241, 1245 n. 2 (10th Cir. 1998), does not support their position because it involved a complaint filed originally in federal court, not one before the federal courts solely through removal.  In *MacPherson*, the Tenth Circuit briefly revisited the question of diversity jurisdiction in the context of summary judgment, because plaintiff's voluntary dismissal of its fraud claim took the amount in controversy from over $75,000 to $35,000.  98 F.3d at 1244-45.  Because diversity jurisdiction in such cases is determined up to the point of final disposition solely on the basis of the complaint at the time it was filed, the court "aggregated" the value of all of plaintiff's claims at the time of filing and concluded the jurisdictional amount required by 28 U.S.C. § 1332 had been satisfied.  *Id.* at 1245.  In the footnote on which Defendants in this case rely, the Tenth Circuit observed that defendant's counterclaim provided an "independent" basis for federal jurisdiction because it was compulsory under state law, citing Wright & Miller.  *Id.* at 1245, n.2.  However, Wright and Miller distinguish cases brought in federal court originally from those here solely as a result of § 1441, stating "[c]ases reaching the federal court by removal present a quite different problem than do original jurisdiction cases."  Wright & Miller, *supra* at p. 226.

In cases filed originally in federal court, aggregation of claims and counterclaims is often permitted to avoid multiple actions where plaintiff could effect its (federal) choice of forum through removal were defendant to file its jurisdictionally sufficient claim in state court.  *See* Wright & Miller, *supra*, at 225-26.  Where plaintiff has chosen the state forum, however, the cases are divided as to whether the defendant can remove on a counterclaim, even one that is compulsory under the forum state's law.  *Id.* at 227 (collecting cases).  The Tenth Circuit has not expressed a view on this issue and I decline, under the present circumstances, to make a definitive

ruling.

I note that in an appropriate case it would be "perfectly consistent" with the removal statute to hold that a claim that arises from the transaction on which plaintiff sues and which, by operation of relevant state law must be asserted or forever barred, is "in controversy" for jurisdictional amount purposes.  *Id.* at 229-30 (observing, however, that the "majority" of cases "appears to deny removal" under these circumstances for reasons thereafter enumerated).  In this case, however, where Defendants' conjectural claim for the "$100,000 increase in value" they "would have" realized "had" Plaintiff built the townhome in accordance with the Contract and "had" Defendants been able therefore to close on the sale, the existence of the jurisdictionally mandated amount in controversy is simply too tenuous to overcome the *Laughlin* and *Fajen* presumption against removal.  Accordingly, and for the reasons stated, Mountain Port's Motion for Remand (Doc. 10) is GRANTED and this case is REMANDED to the Colorado State District Court for LaPlata County.

Dated this 6th day of October, 2009.

*s/John L. Kane*
SENIOR U.S. DISTRICT JUDGE